Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
**LEBE LAW, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 358-7046

Attorneys for Plaintiff Sharon Britt,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sharon Britt, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Southern California Edison Company; and Does 1 through 25,<br><br>　　　　Defendant. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Sharon Britt, individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1. Plaintiff Sharon Britt ("Plaintiff") brings this putative class action against Defendant Southern California Edison Company ("Defendant"), on behalf of herself individually and a putative class of employees working throughout California.

2. Defendant operates an electricity supply company.

3. Through this action, Plaintiff alleges that Defendant has engaged in a systematic pattern of wage and hour violations under the Fair Labor Standards Act ("FLSA").

4. Plaintiff brings this action based on Defendant's failure to correctly calculate and pay all overtime and premium wages. Defendant failed to correctly determine the regular rate of pay by failing to include, among other remuneration, all Class Members' shift differentials, "meal allowances," all hourly rates during a pay period, commissions, bonuses, and any other non-discretionary incentive pay and/or wages, and as a result, did not calculate or pay the correct overtime rate. For example, Plaintiff regularly earned shift premiums for working the graveyard shift, but Defendant calculated overtime without including the shift premiums in the overtime rate, including during the pay period of April 16, 2018 through April 29, 2018.

5. Defendant failed to pay for all time worked by Class Members because they are required to input their scheduled start and end times of their shifts into the timekeeping system instead of the actual times they start and end their workdays. As a result of Defendant's policies and practices, Class Members have not been paid for all hours worked, including hours worked more than 40 per workweek, in violation of FLSA.

6. Plaintiff brings this lawsuit seeking monetary relief against

Defendant on behalf of herself and all others similarly to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA").

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint alleges claims under the laws of the United States, specifically the FLSA.

8. The United States District Court for the Central District of California – Western Division has personal jurisdiction over Defendant because many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

## THE PARTIES

9. Plaintiff is a citizen of California. Plaintiff was employed by Defendant during the Class Period in California.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant at all times hereinafter mentioned, were and are employers as defined in and subject to the FLSA.

11. Plaintiff is informed and believes, and thereon alleges, that each of said Defendant is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who elect to opt into this action who work or have worked for Defendant as non-exempt employees nationwide in the past three (3) years ("the FLSA Class").

13. Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other non-exempt employees. There are many similarly

situated current and former employees who have not been paid for all hours worked over 40 in a workweek, or received all minimum wages, in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
**(Violation of 29 U.S.C. § 207)**

14. Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

15. At all relevant times, Defendant have been an employer and Plaintiff and its employees have been employees under Federal Law entitled to the protections of the FLSA.

16. The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 207, which requires overtime pay for time worked over 40 hours in a week.

17. Although Plaintiff and putative class members periodically worked more than 40 hours in a week, Defendant had a policy and practice of failing and refusing to pay them and other employees overtime and thus violated and continue to violate the above-referenced overtime provisions of the FLSA.

18. Plaintiff and Class Members seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 et seq. and such other legal and equitable relief as the Court deems just and proper.

19. Plaintiff and class members for all wages earned as alleged above.
///

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (Violation of 29 U.S.C. § 206)

20. Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

21. At all relevant times, Defendant have been an employer and Plaintiff and its employees have been employees under California and Federal law entitled to the protections of the FLSA.

22. The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 206, which protects Plaintiff and putative class members right to earn a minimum wage and provides for damages and punishment for violations of that right.

23. In particular, Defendant failed to pay Plaintiff and putative class members all minimum wages owed when Defendant did not pay for all hours worked. Plaintiff and class members were not being paid at least minimum wage for their work.

24. Although Plaintiff and putative class members periodically did not earn at least the minimum wage, Defendant had a policy and practice of failing and refusing to pay them minimum wage for all hours worked and thus violated and continue to violate the above-referenced minimum wage protections.

25. Plaintiff, individually and on a collective basis, seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 *et seq*. and such other legal and equitable relief as the Court deems just and proper.

///

///

///

///

# **PRAYER FOR RELIEF**

Plaintiff, on his own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendant, jointly and severally, as follows:

1. For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2. For appointment of Sharon Britt as the class representative;

3. For appointment of Lebe Law, APLC as class counsel for all purposes;

4. For all unpaid wages, overtime, and penalties pursuant to the Labor Code;

5. For compensatory damages in an amount according to proof with interest thereon;

6. For economic and/or special damages in an amount according to proof with interest thereon;

7. For any penalties pursuant to the FLSA;

8. For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to the FLSA;

9. For pre-judgment interest; and

10. For such other relief as the Court deems just and proper.

Dated: September 2, 2020  **LEBE LAW, APLC**

By: ___/s/ Jonathan M. Lebe___
Jonathan M. Lebe
Attorney for Plaintiff Sharon Britt,
Individually and on behalf of all others
similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: September 2, 2020          **LEBE LAW, APLC**

By: /s/ Jonathan M. Lebe
Jonathan M. Lebe
Attorney for Plaintiff Sharon Britt,
Individually and on behalf of all others
similarly situated