1    Jonathan M. Lebe (State Bar No. 284605)
     Jon@lebelaw.com
2    Annaliz Loera (SBN 334129)
     Annaliz@lebelaw.com
3    **LEBE LAW, APLC**
     777 S. Alameda Street, Second Floor
4    Los Angeles, CA 90021
     Telephone: (213) 358-7046
5
     Attorneys for Plaintiff Sharon Britt, Andre Wall,
6    Joshua Blalock, and Jade Ball,
     Individually and on behalf of all others similarly situated
7
8
9                    **UNITED STATES DISTRICT COURT**
10                   **CENTRAL DISTRICT OF CALIFORNIA**
11
12   Sharon Britt, Andre Wall, Joshua        Case No. 2:20-cv-08023-FMO (ASx)
     Blalock, and Jade Ball, individually
13   and on behalf of all others similarly   Hon. Fernando M. Olguin
     situated,
14
15          Plaintiff,                        **THIRD AMENDED CLASS ACTION
                                              COMPLAINT FOR VIOLATIONS
16                                            OF THE CALIFORNIA LABOR
           vs.                                CODE, FAIR LABOR STANDARDS
17                                            ACT, AND INDUSTRIAL WELFARE
     Southern California Edison               COMMISSION WAGE ORDER**
18   Company,
19                                            DEMAND FOR JURY TRIAL
            Defendant.
20
21
22
23
24
25
26
27
28

Plaintiffs Sharon Britt, Andre Wall, Joshua Blalock, and Jade Ball, individually and on behalf of others similarly situated, alleges as follows:

### NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.     Plaintiffs Sharon Britt, Andre Wall, Joshua Blalock, and Jade Ball ("Plaintiffs") brings this putative class action against Defendant Southern California Edison Company ("Defendant"), on behalf of themselves individually and a putative class of employees working throughout California.

2.     Defendant operates an electricity supply company.

3.     Through this action, Plaintiffs allege that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendant's deliberate unfair competition.

4.     Plaintiffs bring this action based on Defendant's failure to correctly calculate and pay all minimum, regular, overtime and premium wages.  Defendant failed to pay for all the hours worked by requiring Plaintiff and Class Members to input their time entries in 15-minute increments rather than the actual times they started and ended their workdays.  Further, Defendant required Class Members to input their scheduled start and end times rather than when they actually were working.  For example, Plaintiff Britt would arrive to work prior to the start of her shift and was not compensated for that time.  Moreover, Plaintiff Ball was required to be ready to work at the start of her shift, which required logging in prior the start of her scheduled shift and she was not compensated for this time.  During the Class Period, Defendant's time keeping practices were not neutral in application and resulted in underpayment of Class Members' wages.  These policies and practices combined to systemically cause Class Members to be subjected to wage theft and uncompensated off-the-clock work.  Moreover, these practices were violations of the timekeeping and recordkeeping requirements of the California Labor Code, IWC Wage Order and FLSA.

5.      Additionally, Defendant failed to correctly determine the regular rate of pay by failing to include, among other remuneration, all Class Members' shift differentials/premiums, "meal allowances," "in lieu meals," all hourly rates during a pay period, commissions, bonuses, and any other non-discretionary incentive pay and/or wages, and as a result, did not calculate or pay the correct overtime rate.  For example, for Plaintiff Britt during the pay periods of May 2, 2016 through May 15, 2016, May 16, 2016 through May 29, 2016, May 30, 2016 through June 12, 2016, June 27, 2016 through July 10, 2016, August 8, 2016 through August 21, 2016, August 22, 2016 through September 4, 2016, September 5, 2016 through September 18, 2016, September 19, 2016 through October 2, 2016, October 16, 2016 through October 30, 2016, October 21, 2016 through November 11, 2016, November 14, 2016 through November 27, 2016, November 28, 2016 through December 11, 2016, December 12, 2016 through December 25, 2016, December 26, 2016 through January 8, 2017, January 9, 2017 through January 22, 2017, January 23, 2017 through February 5, 2017, February 6, 2017 through February 19, 2017, February 20, 2017 through March 5, 2017, March 6, 2017 through March 19, 2017, April 4, 2017 through April 16, 2017, April 17, 2017 through April 30, 2017, May 1, 2017 through May 14, 2017, May 15, 2017 through May 28, 21017, May 29, 2017 through June 11, 2017, June 12, 2017 through June 25, 2017, June 26, 2017 through July 9, 2017, July 10, 2017 through July 23, 2017, July 24, 2017 through August 6, 2017, August 7, 2017 through August 20, 2017, August 21, 2017 through September 3, 2017, October 2, 2017 through October 15, 2017, October 16, 2017 through October 29, 2017, October 30, 2017 through November 12, 2017, November 13, 2017 through November 26, 2017, November 27, 2017 through December 10, 2017, December 11, 2017 through December 24, 2017, January 8, 2018 through January 21, 2018, February 5, 2018 through February 18, 2018, February 19, 2018 through March 4, 2018, April 16, 2018 through April 29, 2018, April 30, 2018 through May 13, 2018, May 14, 2018 through May 27, 2018, May

28, 2018 through June 10, 2018, June 11, 2018 through June 24, 2018, and June 25, 2018 through July 8, 2018, "in lieu meals" and shift differentials/premiums were not included in the regular rate. Additionally, for Plaintiff Wall, during the pay periods of July 7, 2019 through July 21, 2019, July 22, 2019 through August 4, 2019, and August 5, 2019 through August 18, 2019, "in lieu meals" were not included in the regular rate. Moreover, for Plaintiff Wall during the pay period of October 2, 20117 through October 15, 2018, "leadman premium" and premium differential were not included in the regular rate for overtime. Moreover, during the workweeks April 18, 2016 through February 19, 2018, the short-term incentive plan was not included in the regular rate for Plaintiff Britt. Moreover, during the workweeks April 3, 2017 through July 15, 2019, the short-term incentive plan was not included in the regular rate for Plaintiff Wall.

6. Additionally, Defendant failed to pay Plaintiffs and Class Members for accrued vacation time at the hourly rate at which their employees earned such vacation time during their employment and upon termination. Instead, Plaintiffs and Class Members would accrue vacation wages at a certain rate and then have their rates of pay decreased and then were paid out vacation wages at the lower rate. For example, during the pay period of October 16, 2017 through October 29, 2017, Plaintiff Wall used his accrued vacation wages, but it was paid at the lower rate of rather than the rate of pay at which it was accrued. Additionally, Plaintiffs and Class Members were paid their accrued vacation wages at termination at their base rate rather than at their regular rate of pay, in violation of Labor Code § 227.3. Moreover, Plaintiffs and Class Members were paid sick pay at the base rate rather than the regular rate of pay, in violation of Labor Code § 246. For example, for Plaintiff Britt, during the pay periods of May 30, 2016 through June 12, 2016, December 26, 2016 through January 8, 2017, February 6, 2017 through February 19, 2017, February 20, 2017 through March 5, 2017, June 12, 2017 through June 25, 2017, April 16, 2018 through April 29, 2018, and May 25, 2018 through June

10, 2018, shift differentials/premiums were not included in the regular rate for sick pay. Moreover, for Plaintiff Wall, during the pay period of January 23, 2017 through February 5, 2017, shift premium was not included in the regular rate and for the pay period of July 24, 2017 through August 6, 2017, "meal allowances" were not included in the regular rate for sick pay. Moreover, during the workweeks April 11, 2016 through February 5, 2018, the short-term incentive plan was not included in the regular rate for Plaintiff Britt. Moreover, during the workweeks January 30, 2017 through October 7, 2019, the short-term incentive plan was not included in the regular rate for Plaintiff Wall.

7.    Defendant also failed to properly pay all reporting time pay at the regular rate of pay and in accordance with California law. For example, for Plaintiff Britt, the pay periods of January 23, 2017 through February 5, 2017 and February 6, 2017 through February 19, 2017, Defendant failed to pay her reporting time pay (i.e., at least half of her normal scheduled shift at the regular rate of pay). As a result of Defendant's policies and practices, Class Members have not been paid for all hours worked, including hours worked more than eight per day or 40 per workweek, in violation of FLSA, Labor Code §§ 510 and 1194, 1198 and the applicable IWC Wage Order.

8.    Defendant employed Class Members for periods of five hours or more without providing 30-minute meal periods relieved of all duties as required by California Labor Code §§ 226.7, 512, and the IWC Wage Orders. Class Members' meal breaks were regularly on duty, late, interrupted, or less than thirty minutes. According to Defendant's time records, Plaintiff Britt had late first meal periods during the workweeks of October 17, 2017, July 17, 2017, July 24, 2017, July 31, 2017, August 7, 2017, August 28, 2017, October 16, 2017, October 30, 2017, November 13, 2017, January 8, 2018, January 15, 2018, February 12, 2018, February 19, 2018, May 7, 2018, May 21, 2018, May 28, 2018 and June 18, 2018. Moreover, according to Defendant's time records, Plaintiff Britt had missed first

-4-

meal periods during the workweeks of August 15, 2016, August 29, 2016, September 19, 2016, November 7, 2016, December 19, 2016, January 2, 2017, January 23, 2017, February 13, 2017, February 20, 2017, February 27, 2017, March 6, 2017, April 10, 2017, May 8, 2017, May 22, 2017, June 12, 2017, July 3, 2017, July 17, 2017, July 24, 2017, July 31, 2017, October, 2, 2017, October 9, 2017, October 30, 2017, November 13, 2017, December 4, 2017, December 11, 2017, January 15, 2018, April 30, 2018, June 4, 2018, June 11, 2018, and June 25, 2018. Further, according to Defendant's time records, Plaintiff Britt had at least one missed second meal period in nearly each workweek during the Class Period. According to Defendant's time records, during the workweek of August 10, 2020, Plaintiff Ball had a missed second meal period and she did not receive any compensation. Defendant illegally required Class Members to record all of their purported meal breaks as either lasting exactly 30 minutes, 45 minutes or 60 minutes. Defendant's practices are inconsistent with the purpose of the California Labor Code and are illegal. *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58, 61 ([W]e hold that employers cannot engage in the practice of rounding time punches—that is, adjusting the hours that an employee has actually worked to the nearest preset time increment—in the meal period context. The meal period provisions are designed to prevent even minor infringements on meal period requirements, and rounding is incompatible with that objective."].) Defendant failed to pay Class Members the premium compensation at the regular rate of pay mandated by California Labor Code § 226.7 for these missed meal periods. *Ferra v. Loews Hollywood Hotel, LLC* (Cal., July 15, 2021) S259172 at *25 (meal period premiums must be paid at the regular rate of pay, including all compensation). Indeed, when Defendants paid Plaintiff Britt meal period premiums it was not paid at the regular rate.

  9. Defendant employed Class Members for work periods of four hours or major fraction thereof without on-the-clock, uninterrupted rest periods of ten

-5-

minutes' net rest time and failed to compensate Class Members for these missed rest periods, in violation of Labor Code § 226.7 and the applicable IWC Wage Order.  Because Defendant was short staffed, it was difficult for Plaintiffs and Class Members to take their legally entitled rest breaks.  Defendant failed to pay Class Members the premium compensation mandated by California Labor Code § 226.7 for these missed rest periods.

10.   Defendant knowingly and intentionally failed to provide Class Members with timely and accurate wage statements in violation of Labor Code § 226 and the applicable IWC Wage Order, including but not limited to misreporting the actual hours worked by Plaintiff and Class Members due to Defendant's illegal time keeping practices and policies, failing to include the applicable rates and hours worked for wages paid and failing to provide the applicable pay period for wages paid.

11.   Defendant has violated California Labor Code § 2802 by willfully failing to reimburse Plaintiff and Class Members for their reasonable and necessary business expenses, including but not limited to mileage for work-related driving of personal automobiles, home internet, and cellular telephone for work purposes.  For example, Plaintiff Ball was not reimbursed for use of her cellular telephone.  Also, Plaintiff Ball was not reimbursed at all for home internet from June of 2020 until approximately October 16, 2020.  Moreover, the $20 per month stipend for home internet allegedly provided by Defendant starting on approximately October 16, 2020 was not sufficient to cover the costs of internet use for work purposes.  Additionally, Plaintiff Britt was not reimbursed for cellular telephone costs when she was called out during emergencies.  Further, Plaintiff Blalock was not reimbursed use of his personal vehicle and cellular telephone for work purposes.

12.   On information and belief, Plaintiffs allege Defendant applied the same policies described above to all other members of the proposed Class.  As alleged below, these uniform policies, practices and procedures violated

California's labor laws and constituted unfair, fraudulent or illegal business practices under Business & Professions Code § 17200, *et seq.*

13.    Plaintiffs bring this lawsuit seeking monetary relief against Defendant on behalf of themselves and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 210, 226, 226.7, 227.3, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198, 2800, and 2802, and provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA").

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint alleges claims under the laws of the United States, specifically the FLSA.  This Court has jurisdiction over Plaintiffs' claims under California law pursuant to 28 U.S.C. § 1367(a) because they arise from the same case or controversy as Plaintiffs' federal claims, and both sets of claims share a common nucleus of operative fact.

15.    The United States District Court for the Central District of California – Western Division has personal jurisdiction over Defendant because many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

16.    This is a class action, pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

## THE PARTIES

17.    Plaintiffs are citizens of California.  Plaintiffs were employed by Defendant during the Class Period in California.

18.    Plaintiffs are informed and believe, and thereon allege, that Defendant at all times hereinafter mentioned, was the employer as defined in and subject to

the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

## COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiffs bring the First and Second Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who elect to opt into this action who work or have worked for Defendant as employees nationwide from three (3) years preceding the filing of this action to the present ("the FLSA Class").

20.    Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and other non-exempt employees.  There are many similarly situated current and former employees who have not been paid for all hours worked over 40 in a workweek, or received all minimum wages, in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it.  Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

## CALIFORNIA CLASS ALLEGATIONS

21.    Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all persons who have worked for Defendant as employees in California from April 6, 2016[1] until the entry of judgment (the "California Class").

22.    Excluded from the California Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

23.     The persons in the California Class identified above are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that Defendant has employed at least 100 persons who satisfy the definition of the California Class.

24.     Plaintiffs also seek to certify the following Subclass: All members of the Class who separated their employment from Defendant from April 6, 2017 up until the entry of judgment.

25.     Defendant acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the California Class as a whole.

26.     Members of the Class and Subclass described above will be collectively referred to as "class members."  Plaintiffs reserve the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

27.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

(a)     Whether Defendant failed to compensate Plaintiffs and class members to work off-the-clock, resulting in a failure to pay all minimum wages and overtime wages;

(b)     Whether Defendant paid Plaintiffs and class members overtime and doubletime compensation at the proper rates;

(c)     Whether Defendant failed to timely pay all wages earned by Plaintiffs and class members;

(d)     Whether Defendant deprived Plaintiffs and class members of compliant meal periods or required Plaintiffs and class members to work through meal periods without compensation;

(e)     Whether Defendant deprived Plaintiffs and class members of compliant rest breaks;

(f)     Whether Defendant failed to timely pay Plaintiffs and former class members all wages due upon termination or within 72 hours of resignation;

(g)     Whether Defendant required Plaintiffs and class members to use their personal cellular devices to for work-related purposes, without paying a reasonable percentage of their bills;

(h)     Whether Defendant failed to furnish Plaintiffs and class members with accurate, itemized wage statements; and

(i)     Whether Defendant engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

28.     There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

(a)     <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all members is impractical.  Although the members of the Class are unknown to Plaintiffs at this time, on information and belief, the Class is estimated to be greater than 100 individuals.  The identity of the class members are readily ascertainable by inspection of Defendant's employment and payroll records.

(b)     <u>Typicality</u>:  The claims (or defenses, if any) of Plaintiffs are typical of the claims (or defenses, if any) of the Class because Defendant's failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief.  The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendant's common course of conduct as alleged herein.

(c)     <u>Adequacy</u>:  Plaintiffs are qualified to, and will fairly and adequately

represent and protect the interests of all members of the Class because it is in their best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to them and the Class. Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiffs have incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)     <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)     <u>Public Policy Considerations</u>: Employers in the State of California and other states violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

**<u>FIRST CAUSE OF ACTION</u>**

**<u>FAILURE TO PAY MINIMUM WAGES</u>**

**BROUGHT BY ALL PLAINTIFFS AGAINST DEFENDANT**

**(Violation of 29 U.S.C. §§ 206, 211 & 29 C.F.R. § 516.2(b))**

29.     Plaintiffs reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

-11-

30.     At all relevant times, Defendant have been an employer and Plaintiffs and its employees have been employees under California and Federal law entitled to the protections of the FLSA.

31.     The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 206, which protects Plaintiff sand putative class members right to earn a minimum wage and provides for damages and punishment for violations of that right.

32.     The FLSA requires employers to keep accurate records of hours worked and wages paid, among other information, and to provide these records to their employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(b).  Defendant's practices and policies were violations of these requirements.

33.     Moreover, Defendant failed to pay Plaintiffs and putative class members all minimum wages owed when Defendant did not pay for all hours worked.  Plaintiffs and class members were not being paid at least minimum wage for their work.

34.     Although Plaintiffs and putative class members periodically did not earn at least the minimum wage, Defendant had a policy and practice of failing and refusing to pay them minimum wage for all hours worked and thus violated and continue to violate the above-referenced minimum wage protections.

35.     Plaintiffs, individually and on a collective basis, seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 *et seq*. and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**BROUGHT BY ALL PLAINTIFFS AGAINST DEFENDANT**

**(Violation of 29 U.S.C. § 207, 211 & 29 C.F.R. § 516.2(b))**

36.     Plaintiffs reallege and incorporate by reference all other paragraphs as

-12-

if they were set forth again herein.

37.     At all relevant times, Defendant have been an employer and Plaintiffs and its employees have been employees under Federal Law entitled to the protections of the FLSA.

38.     The FLSA requires employers to keep accurate records of hours worked and wages paid, among other information, and to provide these records to their employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(b).  Defendant's practices and policies were violations of these requirements.

39.     The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 207, which requires overtime pay for time worked over 40 hours in a week.

40.     Although Plaintiffs and putative class members periodically worked more than 40 hours in a week, Defendant had a policy and practice of failing and refusing to pay them and other employees overtime and thus violated and continue to violate the above-referenced overtime provisions of the FLSA.

41.     Plaintiffs and Class Members seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 et seq. and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES
**BROUGHT BY ALL PLAINTIFFS AGAINST DEFENDANT**
**(Violation of Labor Code §§ 1182.12, 1194, 1194.2, 1197; Violation of IWC Wage Order § 3)**

42.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

43.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

44. During the relevant time period, Defendant paid Plaintiffs and class members less than minimum wages due to Defendant classifying Plaintiffs and class members as exempt, and when, for example, Plaintiffs and class members were forced to work off-the-clock during meal breaks and before or after shifts.

45. During the relevant time period, Defendant regularly failed to pay at least minimum wage to Plaintiffs and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

46. Defendant's failure to pay Plaintiffs and class members the minimum wage as required violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees.

47. Pursuant to Labor Code § 1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
### BROUGHT BY ALL PLAINTIFFS AGAINST DEFENDANT
### (Violation of Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order)

48. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

49. Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

50. Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendant were required to compensate Plaintiffs and class members for all overtime hours worked, calculated at one and one-half (1½) times

-14-

the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with double time after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

51.    Plaintiffs and class members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

52.    During the relevant time period, Defendant failed to pay Plaintiffs and class members overtime wages at the correct rate due to Defendant classifying of Plaintiffs and class members as exempt.  Defendant failed to properly track and pay all overtime hours worked by Plaintiffs and class members, including for off-the-clock work which Defendant required its employees to perform during meal periods and before and after shifts.  Because Plaintiff and class members worked shifts of eight hours or more, this unpaid time qualified for overtime premium payment.  Further, Defendant failed to pay Plaintiffs and class members all overtime and double-time wages earned at the correct regular rate because they failed to include all wages in the regular rate of pay.

53.    In violation of state law, Defendant have knowingly and willfully refused to perform their obligations and compensate Plaintiffs and class members for all wages earned as alleged above.

54.    Defendant's failure to pay Plaintiffs and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

55.    Pursuant to Labor Code § 1194, Plaintiffs and class members are entitled to recover their unpaid overtime compensation as well as interest, costs and attorneys' fees.

///

///

///

-15-

# FIFTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL EARNED WAGES

### BROUGHT BY ALL PLAINTIFFS AGAINST DEFENDANT

**(Violation of Labor Code §§ 204 and 210; Violation of IWC Wage Order)**

56.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

57.     Labor Code § 204 provides that all wages earned by an employee are due and payable twice during each calendar month.

58.     Defendant failed to timely pay Plaintiffs and class members all of their earned wages as required by Labor Code Section 204.

59.     Plaintiff and class members have been deprived of their rightfully earned wages as a direct and proximate result of Defendant's failure to pay said compensation.  Plaintiffs and class members are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

60.     In addition, Plaintiffs and class members are entitled to penalties pursuant to Labor Code § 210 as follows: (1) for Defendant's initial violation, $100 for each failure to pay each Class Member; and (2) for each of Defendant's subsequent violations, or any willful or intentional violation, $200 for each failure to pay each class member, plus 25 percent of the amount unlawfully held.

# SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### BROUGHT BY ALL PLAINTIFFS AGAINST DEFENDANT

**(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)**

61.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

62.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

63.     Section 11 of the applicable IWC Wage Order states, "no employer

1    shall employ any person for a work period of more than five (5) hours without a
2    meal period of not less than 30 minutes, except that when a work period of not more
3    than six (6) hours will complete the day's work the meal period may be waived by
4    mutual consent of the employer and the employee."

5    64.    Labor Code § 512(a) provides that an employer may not require, cause
6    or permit an employee to work for a period of more than five (5) hours per day
7    without providing the employee with an uninterrupted meal period of not less than
8    thirty (30) minutes, except that if the total work period per day of the employee is
9    not more than six (6) hours, the meal period may be waived by mutual consent of
10   both the employer and the employee.

11   65.    Labor Code § 512(a) also provides that an employer may not employ
12   an employee for a work period of more than ten (10) hours per day without
13   providing the employee with a second meal period of not less than thirty (30)
14   minutes, except that if the total hours worked is no more than twelve (12) hours, the
15   second meal period may be waived by mutual consent of the employer and the
16   employee only if the first meal period was not waived.

17   66.    During the relevant time period, Plaintiffs and class members did not
18   receive compliant meal periods for each five (5) hours worked because their meal
19   periods were missed, late, short, interrupted, and/or they were required to work
20   through their meal period.

21   67.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage
22   Order require an employer to pay an employee one additional hour of pay at the
23   employee's regular rate of compensation for each work day that a meal period is
24   not provided.

25   68.    At all relevant times, Defendant failed to pay Plaintiffs and class
26   members all meal period premiums due for meal period violations pursuant to Labor
27   Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

28   69.    As a result of Defendant's failure to pay Plaintiffs and class members

-17-

an additional hour of pay for each day a meal period was not provided, Plaintiffs and class members suffered and continue to suffer a loss of wages and compensation.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PERMIT REST BREAKS

**BROUGHT BY ALL PLAINTIFFS AGAINST DEFENDANT**

**(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)**

70.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

71.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

72.     Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

73.     During the relevant time period, Plaintiffs and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked.

74.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

75.     At all relevant times, Defendant failed to pay Plaintiffs and class members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

76.     As a result of Defendant's failure to pay Plaintiffs and class members

-18-

an additional hour of pay for each day a rest period was not provided, Plaintiffs and class members suffered and continue to suffer a loss of wages and compensation.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

## BROUGHT BY PLAINTIFFS BALL AND WALL AGAINST

## DEFENDANT

## (Violation of Labor Code § 226; Violation of IWC Wage Order)

77.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

78.     Labor Code § 226(a) requires Defendant to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

79.     During the relevant time period, Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiffs and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, accurate inclusive dates of the pay period, and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiffs and class members.

80.     As a result of Defendant's violation of California Labor Code §

-19-

226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiffs and class members have been injured by Defendant's intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a). Plaintiffs have had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendant provided the accurate wages earned. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

81. California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

82. Defendant's violations of California Labor Code § 226(a) prevented Plaintiffs and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendant's knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiffs and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

83. Plaintiffs and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendant to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

**NINTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF**

**EMPLOYMENT AND WITHIN THE REQUIRED TIME**

**BROUGHT BY ALL PLAINTIFFS AGAINST DEFENDANT**

**(Violation of Labor Code §§ 201, 202 and 203; Violation of IWC Wage Order)**

84.     Plaintiffs hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

85.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

86.     During the relevant time period, Defendant willfully failed to pay Plaintiffs and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages, sick pay at the regular rate of pay, reporting time pay, and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ.

87.     Defendant's failure to pay Plaintiffs and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ is in violation of Labor Code §§ 201 and 202.

88.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is

commenced; but the wages shall not continue for more than thirty (30) days.

89.     Plaintiffs and Waiting Time Subclass members are entitled to recover from Defendant the statutory penalty which is defined as Plaintiffs' and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## TENTH CAUSE OF ACTION

### FAILURE TO REIMBURSE ALL BUSINESS EXPENSES

### BROUGHT BY ALL PLAINTIFFS AGAINST DEFENDANT

### (Violation of Labor Code §§ 2800, 2802)

90.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

91.     Labor Code § 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

92.     Labor Code § 2802 provides, in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

93.     Further, Labor Code § 2802 additionally provides, in pertinent part: "(c)…the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

94.     During the relevant time period, Defendant were required to indemnify and reimburse Plaintiffs and class members for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequent of the discharge of their duties, but failed to indemnify and reimburse Plaintiffs and class members in violation of Labor Codes §§ 2800 and 2802.

95.     During the relevant time period, Plaintiffs and class members did not

receive adequate reimbursement for necessary business expenses, including but not limited to reimbursement for use of their personal automobile for work purposes, home internet, and cellular telephone for work purposes.

96.     As a direct and proximate result, Plaintiffs and class members have suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial.

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

### BROUGHT BY ALL PLAINTIFFS AGAINST DEFENDANT

97.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

98.     Defendant's conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiffs and class members.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

99.     Defendant's activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

100.   A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

101.   Defendant's policies and practices have violated state law in at least the following respects:

       (a)     Failing to pay all minimum wages to Plaintiffs and class members in violation of Labor Code §§ 1182.12, 1194, 1194.2,

-23-

THIRD AMENDED CLASS ACTION COMPLAINT

1     and 1197;

2          (b)    Failing to pay all overtime wages to Plaintiffs and class

3              members in violation of Labor Code §§ 510, 1194 and 1198;

4          (c)    Failing to timely pay all wages earned by Plaintiffs and class

5              members in violation of Labor Code §§ 204, and 210;

6          (d)    Failing to provide timely meal periods without paying Plaintiffs

7              and class members premium wages for every day said meal

8              periods were not provided in violation of Labor Code §§ 226.7

9              and 512;

10         (e)    Failing to authorize or permit rest breaks without paying

11             Plaintiffs and class members premium wages for every day said

12             rest breaks were not authorized or permitted in violation of

13             Labor Code § 226.7;

14        (f)    Failing to provide Plaintiffs and class members with accurate

15            itemized wage statements in violation of Labor Code § 226;

16        (g)    Failing to timely pay all earned wages to Plaintiffs and Waiting

17           Time Subclass members upon separation of employment in

18           violation of Labor Code §§ 201, 202 and 203; and

19        (h)    Failing to reimburse all necessary business expenses incurred

20           by Plaintiffs and class members in violation of Labor Code §§

21           2800, and 2802.

22     102.    Defendant intentionally avoided paying Plaintiffs and class members'

23 wages and monies, thereby creating for Defendant an artificially lower cost of

24 doing business in order to undercut their competitors and establish and gain a

25 greater foothold in the marketplace.

26     103.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiffs

27 and class members are entitled to restitution of the wages unlawfully withheld and

28 retained by Defendant during a period that commences four years prior to the filing

of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## TWELFTH CAUSE OF ACTION

## ENFORCEMENT OF LABOR CODE § 2698 ET SEQ. ("PAGA")

## BROUGHT BY PLAINTIFF WALL AND BALL AGAINST DEFENDANT

104.   Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

105.   Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

106.   Defendant's conduct violates numerous Labor Code sections including, but not limited to, the following:

(a) Violation of Labor Code §§ 201, 202, 203, 204, 210, 246, 510, 511, 558, 1182.12, 1194, 1197 and 1198 for failure to timely pay all earned wages (including minimum wages and overtime wages) owed to Plaintiffs and other aggrieved employees during employment and upon separation of employment as herein alleged;

(b) Violation of Labor Code §§ 226.7 and 512 for failure to provide meal periods to Plaintiffs and other aggrieved employees and failure to pay premium wages for missed meal periods as herein alleged;

(c) Violation of Labor Code § 226.7 for failure to permit rest breaks to Plaintiffs and other aggrieved employees and failure to pay premium wages for missed rest periods as herein alleged;

(d) Violation of Labor Code §§ 226 and 226.3 for failure to provide

-25-

accurate itemized wage statements to Plaintiffs and other aggrieved employees as herein alleged;

(e) Violation of Labor Code §§ 2800 and 2802 for failure to reimburse reasonable and necessary business expenses of Plaintiffs and other aggrieved employees as herein alleged;

(f) Violation of Labor Code §§ 1174 and 1174.5 for failure to maintain accurate records; and

(g) Any other violations alleged in Plaintiffs' PAGA notices or this complaint.

107.   Plaintiffs are "aggrieved employees" because they were employed by the alleged violator and had one or more of the alleged violations committed against them, and therefore are properly suited to represent the interests of all other aggrieved employees.

108.   Plaintiffs have exhausted the procedural requirements under Labor Code § 2699.3 as to Defendant and is therefore able to pursue a claim for penalties on behalf of himself and all other aggrieved employees under PAGA.

109.   PAGA imposes a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

110.   Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiffs are entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

111.    For bringing this action, Plaintiffs are entitled to attorney's fees and costs incurred herein.

## **<u>PRAYER FOR RELIEF</u>**

Plaintiffs, on their own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendant, jointly and severally, as follows:

1.     For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.     For appointment of Sharon Britt, Andre Wall, Joshua Blalock, and Jade Ball as the class representatives;

3.     For appointment of Lebe Law, APLC as class counsel for all purposes;

4.     For all unpaid wages, overtime, and penalties pursuant to the Labor Code and FLSA;

5.     For liquidated damages pursuant to Labor Code §§1194(a), 1194.2 and the FLSA;

6.     For compensatory damages in an amount according to proof with interest thereon;

7.     For economic and/or special damages in an amount according to proof with interest thereon;

8.     For unpaid wage premiums for failing to provide compliant rest and meal periods and penalties;

9.     For waiting time penalties of each Class Member who is no longer employed by Defendant at their regular daily rate up to a maximum of thirty (30) days;

10.     For the unreimbursed expenses incurred by Plaintiffs and the Class Members;

11.     For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to the Code of Civil Procedure and the Labor Code;

12.     For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

13.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

14.     For an order requiring Defendant to restore and disgorge all funds to

-27-

each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq*.;

15.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

16.    For civil penalties pursuant to PAGA;

17.    For pre-judgment interest; and

18.    For such other relief as the Court deems just and proper.

Dated: July 30, 2021                **LEBE LAW, APLC**

By:  /s/ Jonathan M. Lebe
─────────────────────────
Jonathan M. Lebe
Attorney for Plaintiff Sharon Britt, Andre
Wall, Joshua Blalock, and Jade Ball,
Individually and on behalf of all others
similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: July 30, 2021                **LEBE LAW, APLC**

By:  /s/ Jonathan M. Lebe
─────────────────────────
Jonathan M. Lebe
Attorney for Plaintiff Sharon Britt, Andre
Wall, Joshua Blalock, and Jade Ball,
Individually and on behalf of all others
similarly situated