UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8023 FMO (ASx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | Sharon Britt v. Southern California Edison Company | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | Maria Bustillos (telephone) | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  
Jonathan Lebe  
Sean Blakely

Attorney Present for Defendant(s):  
Robert Blumberg  
Demery Ryan

**Proceedings:** **MOTION FOR ATTORNEYS' FEES [82]**

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [83]**

The court and counsel confer regarding the Motion for Final Approval of Class Action Settlement (Dkt. 83, "Motion for Final Approval") and Motion for Attorneys' Fees, Litigation Expenses, Administration Costs, and Class Representative Service Award (Dkt. 82) (collectively, "Motions").

Plaintiff shall file a supplemental brief, declaration and exhibits, as requested on the record, no later than **February 16, 2023**. At a minimum, the supplemental brief shall address: (1) the discrepancy between the approved Notice language concerning the net settlement amount, (see Dkt. 81, Order Re: Motion for Preliminary Approval of Class Action Settlement ("PAO") at 20-21); (Dkt. 80-1, Exh. 2, Notice at ECF 1431), and the language in the Notice attached as Exhibit A to Madely Nava's declaration in support of the Motion for Final Approval, (see Dkt. 83-1, Declaration of Madely Nava [], Exh. A, Notice at ECF 1647); (2) why the court should authorize the release for PAGA claims contained in the Amended Settlement Agreement for class members who opted-out of the settlement, (see Dkt. 80-1, Exh. 3, Amended Settlement Agreement at §§ II.27. & VIII.A.3.)[1]; and (3) how the proposed cy pres recipient satisfies the Ninth Circuit's requirement

---

[1] While the Motion for Preliminary Approval separates out the FLSA claim in its discussion of class certification, (see Dkt. 73, Motion for Preliminary Approval at 20), it does not separate out or otherwise separately discuss the PAGA claim. (See, generally, id. at 19-21). Thus, it appears that plaintiff sought certification of her PAGA claim. To the extent the court granted plaintiff's preliminary approval motion without separating out the PAGA claim – as it did the FLSA claim – it also appears that the court certified the PAGA claim in granting preliminary approval. (See Dkt. 81, PAO at 2 & 8-15). Assuming plaintiff sought certification of her PAGA claim, plaintiff should address the significance of that determination for purposes of finding that a class member who has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8023 FMO (ASx) | Date | January 26, 2023 |
|---|---|---|---|
| Title | Sharon Britt v. Southern California Edison Company | | |

"that there be a driving nexus between the plaintiff class and the cy pres beneficiaries." Dennis v. Kellogg Co., 697 F.3d 858, 865 (9th Cir. 2012) (internal quotation marks omitted).

Defendant shall file a supplemental brief stating that it complied with the CAFA notice requirements no later than **February 16, 2023**. See 28 U.S.C. § 1715(d) ("An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b)."); id. at § 1711(2) (defining "class action" to mean "any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure" in addition to actions that have been removed from state court); (see also Dkt. 80-1, Exh. 3, Amended Settlement Agreement at § XI.A.) ("Defendant shall be responsible for sending notices to the various state authorities at the time of filing of the preliminary approval motion."); (Dkt. 64, Court's Order of September 3, 2021, at 2) ("The parties shall address whether notice under the Class Action Fairness Act ('CAFA') is required and, if so, when it will be given.").

Unless the court orders otherwise, the Motions will be deemed submitted upon receipt of the supplemental brief, declarations and exhibits. The court may order further briefing or other proceedings, at any time, as appropriate.

IT IS SO ORDERED.

|  | 00 | : | 25 |
|---|---|---|---|
| Initials of Preparer | | | gga |

---

opted-out of the case has waived his or her PAGA claim.